## STATE OF NEW JERSEY.

## ON APPEAL FROM THE COURT OF CHANCERY,

AND PREROGATIVE COURT.

NOVEMBER TERM, 1885.

| 40 | 555 |
| 52L | 210 |
| 40 | 555 |
| 52 | 375 |
| 52 | 450 |
| 53 | 390 |
| 40 | 555 |
| 60 | 477 |
| 65L | 282 |
| 40 | 555 |
| 67L | 348 |
| 40 | 555 |
| 70L | 51 |
| 40 | 555 |
| e66 | 73 |
| e66 | 74 |

---

AMOS PALMATEER et al., appellants,

*v.*

JOHN P. L. TILTON, administrator, respondent.

The act which excludes, when any party to a suit sues or is sued in a repre-- sentative capacity, a party from testifying "as to any transaction with, or statement by, any testator or intestate represented in such action," does not exclude such party from testifying with respect to a contract made by him with the deceased *executor* of such represented testator.

---

On appeal from a decree of the chancellor, whose opinion is reported in *Palmateer* v. *Tilton, 12 Stew. Eq. 40.*

555

BEASLEY, C. J.

This is a bill for specific performance. The contract sought to be enforced was for the sale of land, which was formerly the property of William A. Harvey, deceased, and it was alleged to have been made with the complainants by his executor under a power to that purpose in his will. His executor, one Abner Allen, is now dead, and this suit is brought by the plaintiffs against the administrator with the will annexed of the before-mentioned William A. Harvey.

In the court below, the complainant, Amos Palmateer, was not permitted to be a witness for the purpose of proving the bargain for the sale of the land in question. It is admitted that such exclusion is not to be justified by the language of the statute which is applicable. This is its language, viz. :

"That in all civil actions &c., any party thereto may be sworn and examined as a witness notwithstanding any party thereto may sue or be sued in a representative capacity ; provided, nevertheless, that this supplement shall not extend so as to permit testimony to be given as to any transaction with or statement by any testator or intestate represented in said action." *P. L. of 1880 p. 52.*

It will be observed that this exclusive clause embraces only transactions with, and statements by, " any testator or intestate." In the present case a transaction with the executor of the testator was excluded. The case was supposed to be within the equity of the act, and hence the rejection of the testimony. But the language of the act is clear and definite, and the result, if we adhere to such language, is entirely reasonable ; and this being the case, the judicial duty is one of interpretation simply. The statute itself enumerates the cases in which the testimony is to be rejected, and no case can be added to that enumeration. If we attempt to leave the plain terms of the act, we enter into an undefined field of inference and conjecture. The regulation applies to the practice in the trial of causes, and it is important, therefore, that its limitations should be clear. If, in the present instance, the statutory terms are to be disregarded and the operation of the law extended, what is to be its reach ? If a surviving contractor cannot prove by his own testimony a bargain made with the execu-

Booraem v. North Hudson County R. R. Co.

tor of a testator, could he prove such bargain if made with an agent of such testator, such agent having died? The two cases, with regard to the presumed equity, stand on the same plane; and yet, to exclude the testimony in either, is, obviously, to do violence to the words of the act in order to enact a rule which would conform to judicial notions, and this would be judicial legislation pure and simple. "We are bound," said Mr. Justice Buller, over a century ago, "to take the act of parliament as they have made it; a *casus omissus* can in no case be supplied by a court of law, for that would be to make laws." *Jones* v. *Smart, 1 T. R. 44.*

In the case of *Hodge* v. *Coriell, 15 Vr. 456,* the supreme court, in interpreting the present statute, refused to depart from its plain language in pursuit of a fancied intent, which was in no wise comprehended in the meaning of such language, and that decision was unanimously affirmed by this court. The testimony in question in the present case should not have been rejected.

The consequence is that such testimony has been received and examined by the court in connection with the other proofs, and after consideration, we do not think that the decree should be disturbed. The complainants have failed to satisfy us that they are right upon the merits. The decree, therefore, should be affirmed.

*Decree unanimously affirmed.*